UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRY LYNN WEBSTER**<br>      **LA. DOC # 461125**<br>**VS.**<br><br>**ASST. WARDEN McCULLOUGH,**<br>**ET AL.** | **CIVIL ACTION NO. 3:10-cv-0838**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Terry Lynn Webster, proceeding *in forma pauperis* (IFP), filed the instant civil rights complaint on May 13, 2010. When he filed this complaint he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he was incarcerated at the Union Parish Correctional Center, but he complained that during the time he was incarcerated at other facilities, he was denied the services of a social worker to assist him in the resolution of unspecified "personal problems."

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3 of this Court.

*Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint on May 13, 2010 [Doc. #1] and his application to proceed IFP on June 14, 2010. [Doc. #4] On June 21, 2010 he was granted leave to proceed IFP. [Doc. #5] On July 7, 2010, plaintiff was directed to amend his complaint on or before August 6, 2010 to provide more specific factual support for his claims. [Doc. #6] On August 19, 2010, he filed

a Motion to Stay Proceedings until such time as he is released from custody. [Doc. #12] On September 3, 2010, the undersigned denied plaintiff's motion and directed him to amend his complaint within 30 days , or on or before October 3, 2010, to provide the information sought in the July 7, 2010 Memorandum Order. Plaintiff was "cautioned that his un-excused failure to comply with this order may result in dismissal of this action ... under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure." [Doc. #13] Plaintiff has not responded and has not provided the information that he was ordered to supply.[1]

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[2] It is inconceivable that plaintiff lacks the ability to respond to the amend

---

[1] Plaintiff's complaint was vague. In accordance with the provisions of Rule 8 of the Federal Rules of Civil Procedure, he was directed to provide the name of each person who allegedly violated his rights, a description of what actually occurred or what each defendant did to violate his rights, the place and date of the alleged violation, and, a description of the injury sustained as a result of the violation. Further he was directed to "... amend his complaint to provide more information concerning his assertion that he needs to be counseled by a social worker." [Doc. #6]

[2] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to

order. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions**

---

comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a local court rule and has not even attempted to contact the court since he filed his complaint and request to proceed ifp. Furthermore, since plaintiff is proceeding in forma pauperis, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's unrepentant flaunting of LR41.3W reflects his own contumaciouness or "stubborn resistance to authority" which is personally attributable to him as a pro se litigant. Finally, the claims asserted herein appear to be prescribed since the events complained of occurred more than one year prior to the date that plaintiff filed this suit.

**accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, November 8, 2010.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**